**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | |
| § | CASE NUMBER 6:10-CR-00127-JDK-JDL |
| NATHAN MICHAEL (1), § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On July 6, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Nathan Michael. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Access Device Fraud, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 21 and a criminal history category of II, was 41 to 51 months. On November 7, 2011, District Judge Leonard Davis sentenced Defendant to 51 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restrictions, gambling prohibition, drug testing and treatment, a $100 special assessment, and $95, 407.55 restitution. On May 14, 2012, Defendant's sentence was reduced to 38 months pursuant to Federal Rule of Criminal Procedure 35(b). On October 4, 2013 Defendant completed his term of imprisonment and began his supervision term.

Under the terms of supervised release, Defendant was required to not associate with any persons engaged in criminal activity and to not associate with any persons convicted of a felony unless granted permission by the probation officer. In Allegation 8 of its petition, the government

1

alleges Defendant violated the conditions of his supervised release when he associated with two individuals engaging in criminal activity on May 18, 2015. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by associating with two individuals engaging in criminal activity on May 18, 2015, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 8 of the government's petition. Because Defendant has served approximately seven years in state custody for conduct underlying part of the current supervised release allegations, the government agreed to recommend to the court a sentence of time served with no supervised release to follow. Due to the particular circumstances of this case, the court finds that a departure from the advisory guideline range is appropriate. The court therefore **RECOMMENDS** that Nathan Michael's plea of true be accepted and he be sentenced to a term of time served, with no supervised release to follow.

**So ORDERED and SIGNED this 6th day of July, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE